-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OTES RODRIGUEZ,

        Petitioner,

        v.

DALE ARTUS, Supt.,

        Respondent.

**ORDER**[1]
07-CV-0185S(F)

---

Petitioner, Otes Rodriguez, who filed *pro se* a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and paid the $ 5.00 filing fee, has submitted a letter to the Court, dated March 11, 2008, requesting the Court to either direct respondent's counsel to supply him with a copy of the state court transcripts, appellate briefs and corresponding decisions in the underlying state court criminal proceedings that respondent's counsel has filed with the Court pursuant to the Court's Order in this matter (Docket No. 4), or to have the Clerk of this Court supply him with copies of those documents.  (Docket No. 20).

Section 2250 of Title 28, provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

---

[1] This matter has been referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), for all proceedings necessary to a determination of the factual and legal issues presented herein, and to prepare and submit a report and recommendation containing finding of fact, conclusions of law and a recommended disposition of the case.  (Docket No. 11).

Because petitioner did not seek and has not been granted permission to proceed *in forma pauperis*, the Court is not in a position presently to direct the Clerk of this Court to provide copies of the documents requested. *See* 28 U.S.C. § 2250.

However, the Court can treat petitioner's request as one for discovery under Rule 6 of the Rules Governing Section 2254 in the United States District Courts. *See Charles v. Artuz*, 21 F.Supp.2d 168, 169 (E.D.N.Y. 1998). Rule 6 embodies the principle that a petitioner for habeas corpus relief "is not entitled to discovery as a matter of ordinary course," like the usual civil litigant, *see Bracy v. Gramley*, 520 U.S. 899 (1997), and provides that:

> **(a) Leave of Court Required**. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . .

Construing petitioner's request as a request for discovery under Rule 6(a), *see Chambers v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997) (*Pro se* petitions should be characterized according to the relief sought, and not to the label given to them by pro se prisoners unlearned in the law), the Court finds that there is good cause for petitioner's request for the trial transcripts, appellate briefs and appellate decisions provided previously to the Court by respondent's counsel and therefore directs respondent's counsel to arrange for production of copies of those documents to petitioner within 45 days of receipt of this Order*. See Charles*, 21 F.Supp.2d at 169 ( to the extent respondent had already provided to petitioner a copy of the state court transcripts and appellate briefs, court granted motion to compel as to said documents, but denied it as to others documents sought inasmuch the request for such other documents was a "fishing expedition" in hopes of yielding a document in support of the petition). The Court does not question in this matter that the

habeas petitioner, *pro se* or otherwise, who is challenging his state court conviction has a legitimate need for the transcripts of the underlying state criminal trial court proceedings and the appellate briefs and decisions.

Accordingly, it is hereby ordered that respondent's counsel shall arrange for copies of the trial transcripts, as well the appellate briefs and appellate decisions, to be forwarded to petitioner within 45 days of receipt of this Order.[2]

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  April 3, 2008
        Buffalo, New York

---

[2] If any of the material to be produced is subject to the restrictions of New York Civil Rights Law, § 50-b, respondent shall so notify the court prior to producing the transcripts, and the Court will restrict petitioner's use of the transcripts.  See *Williams v. Greene*, 04-CV-04507 (DRH) (ARL), 2007 WL 2711631, at 2-3 (E.D.N.Y., Sept. 13, 2007).