UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OTES RODRIGUEZ,

                    Petitioner,

          -v-                                    07-CV-0185(MAT)
                                                 **ORDER**
DALE ARTUS, Superintendent,

                    Respondent.
_____


     *Pro se* petitioner Otes Rodriguez ("petitioner" or "Rodriguez")

filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254 challenging his conviction in Niagara County Court of

Attempted Murder in the Second Degree (N.Y. Penal L. § 100.00,

125.25[1], Criminal Possession of a Weapon in the Third Degree

(N.Y. Penal L. § 265.02[1]), and Arson in the Fourth Degree (N.Y.

Penal L. § 150.05[1]).  Following a jury trial before Judge Peter

L. Broderick, Sr., petitioner's judgment of conviction was entered

on April 15, 2005.  He was subsequently sentenced to concurrent,

indeterminate terms of imprisonment, the longest of which is

twenty-five years.

     Pursuant to 28 U.S.C. § 636(b)(1), the Court referred this

petition for a writ of habeas corpus (Dkt. #1) to United States

Magistrate Leslie G. Foschio for a report and recommendation.[1]

_____

     [1] The facts of this case were set forth in Judge Foschio's Report and
Recommendation, and familiarity with those facts is presumed. In summary,
petitioner's convictions stem from an incident occurring on the morning of May
5, 2004, wherein petitioner doused a woman with gasoline and shot a flare gun
at her in an attempt to set her on fire and kill her. The victim, the
proprietor of a property management business in Niagara Falls, had recently
commenced eviction proceedings against Rodriguez regarding storage properties

Judge Foschio filed his Report and Recommendation in which he recommended that the Court deny Rodriguez's petition. (Dkt. #55). After being granted an enlargement of time, Rodriguez filed objections to the Report and Recommendation on March 26, 2010, March 29, 2010 and April 5, 2010. (Dkt. ## 59, 60, 61).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Renelique v. Doe, No. 99Civ.10425LTSHBP, 2003 WL 23023771 at *1 (S.D.N.Y. Dec. 29, 2003) (citations omitted).

Petitioner primarily contends that his conviction was obtained as a result of a rampant conspiracy among the Niagara County trial judge, county prosecutors, the police department, petitioner's defense attorneys, and this Court. See Objections (Dkt. #59) at 2, 4-5; Objections (Dkt. #60) at 1-4. He further alleges that his arrest was illegal, the warrantless search and seizure of his vehicle was unconstitutional, the prosecution's physical evidence against him was "planted", and that the testimony offered at trial was perjurious. See Objections (Dkt. #59) at 2, 5-6, 9; Objections (Dkt. #60) at 1-4.

---

he rented from the victim.

Here, Rodriguez has simply raised various incarnations of the same arguments brought before Judge Foschio. His "conspiracy theory" is vague and conclusory. Petitioner's Objections do not point to any error in the Report's legal analysis or identify any fact or issue that the Report overlooked. Therefore, the Court applies a clear error standard of review. The Court has reviewed Judge Foschio's comprehensive and well-reasoned Report and Recommendation and finds no clear error. Accordingly, the objections (Dkt. ## 59, 60, 61) are denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court accepts and adopts the Report and Recommendation (Dkt. #55) in its entirety, and, for the reasons stated in the Report and Recommendation, the petitioner for habeas corpus is denied and the action is dismissed.

Because Rodriguez has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:      April 16, 2010
            Rochester, New York